El Pueblo de Puerto Rico, demandante y apelado, *v.* Alejandro Olivera Medina, acusado y apelante.

No. 2249.—*Visto:* Noviembre 20, 1924. *Resuelto:* Marzo 24, 1925.

1. Derecho Penal—Jurisdicción—Jurisdicción Concurrente de las Cortes Insulares.—Las cortes insulares carecen de jurisdicción para conocer de una

denuncia a nombre de El Pueblo de los Estados Unidos, presentada bajo la Ley de la Prohibición Nacional y de septiembre 21, 1922.

SENTENCIA de *R. Díaz Cintrón,* J. (Ponce), declarando al acusado culpable de un delito contra la Ley de la Prohibición Nacional. *Revocada* y *Absuelto* el acusado.

*José E. Figueras,* abogado del apelado; *Forestier & Bahamonde,* abogados del apelante.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El Fiscal de la Corte de Distrito de los Estados Unidos para Puerto Rico presentó en dicha corte en nombre de El Pueblo de los Estados Unidos una acusación contra el apelante por infracción de la Ley de Prohibición Nacional, acusación que original fué remitida a la Corte Municipal de Ponce, sin estar jurada, y más tarde en apelación a la Corte de Distrito de Ponce, sirviendo para la condena del apelante quien alegó entonces y ahora que la corte inferior no tenía jurisdicción para conocer de ella por aparecer como parte actora El Pueblo de los Estados Unidos, con cuya alegación está conforme el fiscal de este tribunal.

En el caso de *Pueblo* v. *Rodríguez,* junio 17, 1924 (33 D. P.R.), ratificado después en el de *Pueblo* v. *Baragaño* Feb. 18, 1925 (33 D.P.R.), se alegó falta de jurisdicción en la Corte de Distrito de Humacao por haberse iniciado la acción en nombre y por la autoridad de El Pueblo de Puerto Rico en vez de instruirse a nombre y por la autoridad de los Estados Unidos por tratarse de la violación de una ley nacional, y declaramos que la jurisdicción conferida por el Congreso de los Estados Unidos a las cortes insulares para conocer de las violaciones a la Ley Nacional de Prohibición se hizo sin llevar consigo tal jurisdicción los procedimientos existentes en la Corte de Distrito de los Estados Unidos para Puerto Rico, y sí más bien para que se actuara por las cortes insulares en la misma forma de enjuiciar para los demás delitos locales de su exclusiva competencia; y también que el mero hecho de que el Congreso extendiera la jurisdicción a las cortes insulares consignándose expresamente,

"siendo la jurisdicción de los referidos jueces y cortes territoriales en los casos de dichas infracciones la misma que en la actualidad tienen sobre otros delitos de su jurisdicción", (Leyes de P. R., 1923, p. 97, Fed. Stat. Ann. 1922, p. 273), indica claramente la intención del Congreso en el sentido de que si por nuestra Ley Orgánica (Acta Jones) ya quedaba regulada la organización y procedimiento de las cortes insulares, dando este poder a la Legislatura de Puerto Rico, la persecución y castigo de los delitos de prohibición debía realizarse mediante el sistema local de procedimiento establecido por nuestras leyes locales. En vista de esas declaraciones y estableciendo el artículo 10 de nuestra Ley Orgánica que todas las acciones criminales o penales en los tribunales locales se instruirán a nombre y por la autoridad de El Pueblo de Puerto Rico, y disponiendo además el Código de Enjuiciamiento Criminal que las denuncias y acusaciones deberán ser juradas, tenemos que llegar a la conclusión de que tanto la corte municipal como la de distrito carecían en este caso de jurisdicción para castigar al denunciado.

*La sentencia apelada debe ser revocada y dictarse otra absolviendo al apelante.*

Solo el Juez Asociado Sr. Franco Soto, estuvo conforme con la opinión.